IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES ASHWORTH,<br>   *Individually and as Administrator of the*<br>   *Estate of Nicole Ashworth*,<br><br>                  Plaintiff,<br><br>      v.<br><br>EUROFINS DONOR & PRODUCT<br>TESTING, INC., *et al.*,<br><br>                 Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:  CIVIL ACTION NO. 23-1958<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OPINION**

**SCHMEHL, J.**   /s/ JLS                                                                                   August 29, 2024

      Presently before the Court is Plaintiff's motion to remand this civil action to the Court of Common Pleas of Philadelphia County for lack of subject-matter jurisdiction. Plaintiff also seeks to recover related costs and expenses. The Removing Defendants—Aziyo Biologics, Inc., Medtronic Sofamor Danek USA, Inc., and Spinalgraft Technologies, LLC—respond that removal was proper. They assert that, after applying the fraudulent-misjoinder doctrine, diversity-of-citizenship jurisdiction exists under 28 U.S.C. § 1332, thus authorizing removal under §§ 1441 and 1446. For the reasons set forth below, Plaintiff's motion to remand is granted in part and denied in part.

I

      Plaintiff Charles Ashworth, individually and as the administrator of the estate of Nicole Ashworth, filed the underlying complaint in the Court of Common Pleas for Philadelphia County, Pennsylvania. As amended, the complaint alleges that Nicole Ashworth, the decedent, underwent back surgery in March of 2021. The surgery involved grafting "FiberCel" on her spine. A month

post-operation, however, the decedent began to experience severe headaches, difficulty breathing, and other physical ailments. She visited emergency rooms four consecutive times. Ultimately, days after her fourth visit, she died. A surgeon from the decedent's earlier back surgery later contacted the decedent's widower, the Plaintiff. The surgeon informed the Plaintiff that the FiberCel used in the decedent's surgery was "infected with tuberculosis."

From this series of events, Plaintiff asserts both product-liability claims against those Defendants involved in the manufacturing of FiberCel and medical-malpractice claims against those Defendants involved in decedent's subsequent provision of care. Without litigating in the Court of Common Pleas whether the Plaintiff properly included those product-liability and medical-malpractice claims in a single complaint, Defendants Aziyo Biologics, Inc., Medtronic Sofamor Danek USA, Inc., and Spinalgraft Technologies, LLC removed this case to federal court. Removing Defendants assert that diversity-of-citizenship jurisdiction exists. Plaintiff contends otherwise.

II

The basic principles of diversity-of-citizenship jurisdiction apply to § 1441(b) removals. This includes the requirement of complete diversity between all plaintiffs and all defendants. Although Removing Defendants acknowledge that several non-removing Defendants share the same state citizenship as the Plaintiff, they assert that the doctrine of fraudulent misjoinder cures the facial defect. In support, they cite to the seminal fraudulent-misjoinder case of Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

In Tapscott, the Court of Appeals for the Eleventh Circuit held that an "egregious" procedural misjoinder could authorize a court to refuse to consider the citizenship of a misjoined party when deciding a motion to remand, thereby permitting the exercise of diversity jurisdiction.

Id. Applying that doctrine here, the Removing Defendants assert that, since the product-liability and medical-malpractice claims are so "factually dissimilar," a fraudulent misjoinder occurred. Defs.' Notice Removal at 7, ECF No. 1. Plaintiff replies that, among other things, the Court of Appeals for the Third Circuit has not adopted the fraudulent-misjoinder doctrine. See Tr. Mot. Remand Hr'g 13. And Plaintiff furthermore asserts that, even if the doctrine did apply, no misjoinder occurred under the relevant procedural rules. Id. at 9.

After briefing and oral argument, the Court declines to adopt the fraudulent-misjoinder doctrine. As the Removing Defendants concede, the Third Circuit has not adopted the fraudulent-misjoinder doctrine since its inception in the Eleventh Circuit in 1996. And notably, circuits remain split on whether the fraudulent-misjoinder doctrine ought to exist at all. See generally Proulx v. Mintzer, 2020 WL 3105034, *7 (D. Mass. 2020) ("The First Circuit has not to date recognized the doctrine of fraudulent misjoinder."); Gipe v. Medtronic, Inc., 416 F. Supp. 3d 687, 697-698 (W.D. Ky. 2019) ("The Sixth Circuit has not adopted the fraudulent-misjoinder doctrine. . . . The Court likewise declines to apply it in this case.").

A closer examination of this split reveals that the circuits also differ on the precise contours of the doctrine. For example, courts disagree on whether state or federal joinder law governs the analysis and whether something beyond mere misjoinder is necessary to support a claim of fraudulent misjoinder. See generally Burns v. W. S. Life Ins. Co., 298 F. Supp. 2d 401, 403 (S.D.W. Va. 2004) (analyzing the "egregiousness" element); Jamison v. Purdue Pharma Co., 251 F. Supp. 2d 1315, 1320-21 (S.D. Miss. 2003) (noting the uncertainty over whether state or federal procedural rules control). Against this unsettled backdrop, the Court concludes that complete diversity of citizenship does not exist and, therefore, removal was improper.

III

Finally, Plaintiff's motion also requests that this Court order Removing Defendants to pay Plaintiff's just costs and expenses in litigating the propriety of their removal. In <u>Martin v. Franklin Capital Corp.</u>, the Supreme Court established the proper standard for awards under 28 U.S.C. § 1447(c): That the "removing party lacked an objectively reasonable basis for seeking removal." 546 U.S. 132, 141 (2005). Given the existing circuit split over the application of the fraudulent-misjoinder doctrine, the Court concludes that the attempted removal was not objectively unreasonable. The Court therefore declines to award the requested costs and expenses.

IV

For the foregoing reasons, and as set forth in the accompanying order, this action shall be remanded to the Court of Common Pleas for Philadelphia County.